**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LENNIS COROMOTO MOLINA CASTILLO,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § § | **CAUSE NO. EP-26-CV-1265-KC** |
| **DEPARTMENT OF HOMELAND SECURITY,** | § § § § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered Lennis Coromoto Molina Castillo's Petition for a Writ of Habeas Corpus, ECF No. 3.  Molina Castillo is detained at El Paso Service Processing Center in El Paso, Texas.  *Id.* ¶ 2.  She argues that her detention is unlawful and asks the Court to order her release or a bond hearing.  *Id.* ¶¶ 6, 13, 15.

Molina Castillo entered the country in May 2024 through CBP One.  *Id.* ¶ 6.  She was served with a Notice to Appear and released on parole.  Resp. 9, ECF No. 5.  She subsequently obtained employment authorization, a social security card, and a driver's license.  Pet. ¶ 6.  Molina Castillo submitted an asylum application in February 2025.  *Id.*  On July 28, 2025, Molina Castillo appeared for an immigration court hearing, at which her removal proceedings were dismissed upon motion by the Department of Homeland Security ("DHS") and Molina Castillo was taken into immigration custody.  *Id.* ¶¶ 6, 13; *see id.* Ex. A ("Dismissal Order"), ECF No. 1-1; Resp. 9.  That same day, Enforcement and Removal Operations ("ERO") El Paso served Molina Castillo with an expedited removal order.  Resp. 9.  On August 1, 2025, Molina Castillo claimed that she had a credible fear of returning to her home country Venezuela, and

ERO El Paso referred her to United States Citizenship and Immigration Services ("USCIS") for a credible fear determination. *See id.* On August 5, USCIS did not accept Molina Castillo's credible fear packet for review because it was under Executive Office Immigration Review jurisdiction. *Id.* On August 26, Molina Castillo appealed the dismissal of her removal proceedings in order to continue pursuing her defensive asylum claim, but this appeal was dismissed on March 23, 2026. *Id.*; Pet. ¶¶ 6, 13. On March 26, Molina Castillo was again referred to USCIS for a credible fear determination. Resp. 9. On April 29, USCIS issued a negative fear determination. *Id.* Molina Castillo requested that an Immigration Judge review the negative fear determination, which is scheduled for May 18, 2026. *Id.*

Molina Castillo has been detained since July 28, 2025, for over nine months. *Id.* In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Molina Castillo's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025)." Show Cause Order 2. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Molina Castillo's case warrant a different outcome." *Id.*

Respondents argue that Molina Castillo's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 6.

Construing the Petition liberally, Molina Castillo challenges her detention as unlawful on both statutory and constitutional due process grounds. *See* Pet. ¶¶ 13–15; *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (construing pro se litigant's filing liberally); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Molina

Castillo's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–29, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88. Because Respondents have not identified any material differences between Molina Castillo's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Molina Castillo's procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Molina Castillo's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, <u>on or before May 19, 2026</u>, Respondents shall either: (1) provide Molina Castillo with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Molina Castillo's continued detention; or (2) release Molina Castillo from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>on or before May 19, 2026</u>, Respondents shall **FILE** notice informing the Court whether Molina Castillo has been released from custody. If Molina Castillo has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Molina Castillo is released from custody, Respondents shall **RETURN** all of her personal property in their custody, without which her liberty interest will be affected, to her upon release. Such property includes, but is not limited to, identification documents.

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Molina Castillo's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**There will be no extensions of the May 19, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 13th day of May, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5